OPINION
{¶ 1} This is an appeal from jury determination of guilt as to three counts of forgery tried before the Licking County Court of Common Pleas.
 {¶ 2} Appellee is the state of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On January 10, 2002, Appellant was indicted on three counts of forgery and one count of falsification.
 {¶ 4} This matter was tried before a jury on March 21, 2002.
 {¶ 5} The jury found Appellant guilty on all counts as charged in the indictment.
 {¶ 6} Appellant was sentenced to eight months incarceration on each forgery count, to be run consecutive to one another. Appellant was sentenced to eight months in the Justice Center on the count of falsification which was ordered to be run concurrently to sentence for the forgery counts.
 {¶ 7} It is from this conviction and sentence that Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 8} "MARVIN STREET'S CONVICTION FOR THREE COUNTS OF FOERGERY UNDER R.C. 2913.13(A)(3) IS AGAINST THE MANFIEST WIEGHT OF THE EVIDENCE. (TR. P. 49-196; AMENDED JUDGMENT ENTRY, APRIL 26, 2002)".
 I. {¶ 9} In his sole assignment of error, Appellant argues that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 10} More specifically, Appellant contends that the State failed to prove that he knew that the checks were forged.
 {¶ 11} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541 citing State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 12} Appellant was convicted of forgery pursuant to R.C.2913.31(A)(3) which states as follows: "(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following: "(3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged."
 {¶ 13} Appellant cashed or attempted to cash each of the three forged checks at Heath Festival Foods. At trial, the state presented evidence in the form of oral testimony from Heath Festival Foods employees: Gene Maddox (T. at 76-85), Linda Boyles (T. at 119-122), Joey Hanes (T. at 98-106) and Patty England (T. at 87-96,108).
 {¶ 14} Each of the checks was computer generated and listed Appellant as the payee. Each check contained a different address for appellant.
 {¶ 15} Oral testimony was also presented by the employees and/or owners of the companies listed as the payors on the forged checks. Each testified that the checks were forged and did not originate from said companies. Evidence was also presented to show that Appellant had not worked at any of the companies listed as payors on the checks.
 {¶ 16} Upon being stopped by the police, Appellant lied about his name. (T. at 53, 68). He also had in his possession two State Identification cards issued on the same day which both contained his name but had different addresses and physical descriptions. (T. at 55, 70-71).
 {¶ 17} Appellant took the stand and testified that two of the checks were given to him by his employer for work he had performed. (T. at 162-163, 166-167). Appellant's employer denied giving these checks to Appellant. (T. at 113-114). He stated that he did not pay Appellant by check but instead paid him in cash because he was a "spot" employee who worked less than twenty hours a week. (T. at 115). Appellant further testified that the third check was mailed to him at his mother's address as an insurance payment regarding an auto accident he had been involved in. (T. at 158)
 {¶ 18} As stated earlier, the jury as the trier of fact, is in a better position to observe the witnesses' demeanor and weigh their credibility. Therefore, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. DeHass, supra. The jury could choose to believe or disbelieve Appellant and/or any other witness. It is clear from their decision that the chose not to believe Appellant.
 {¶ 19} We cannot find, given the undisputed testimony that appellant did not have permission to cash the checks, that the jury lost its way. We find no manifest miscarriage of justice. The sole assignment of error is denied.
 {¶ 20} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By: Boggins, J., Hoffman, P.J. and Edwards, J. concur.